Theodore B. Woolsey, Respondent, *v.* Jown W. Brown, Appellant.

*Geo. V. N. Baldwin* for the respondent.

Judgment affirmed by default.

---

The Board of Supervisors of the County of Delaware, Appellant, *v.* Charles A. Foote, Respondent.

(Argued September 28, 1874; decided May term, 1875.)

This action was brought to recover the sum of $1,940.74, with interest, which the plaintiff claimed that defendant, as late county treasurer of Delaware county, had retained and refused to pay over. Defendant had been county treasurer for eight years prior to 1869. He charged the county for his compensation $500 annually, and credited it with one per cent retained by him each year by permission of the State comptroller out of the State tax, and his accounts thus made out were audited and allowed at the annual meeting of the board of supervisors in 1869. Defendant presented his annual account as treasurer, in which he credited himself for fees for the current year $500, also for balance due him from the State, $1,550.13. Prior to such meeting of the board, defendant had received from the State comptroller permission to retain, and had retained out of the State tax for that year, $390.61. Defendant did not charge himself with this sum. The board passed a resolution, as follows:

"*Resolved*, That the county treasurer be allowed to retain the one per cent allowed him by the State comptroller for the disbursement of the State tax until called upon by the comptroller to pay over the same, and for which the county treasurer has heretofore given bonds to the State comptroller."

Defendant thereupon retained the sums so credited to him. At the annual meeting of the board for 1870 a resolution was

passed rescinding the former resolution, and this action was brought to recover the $1,550.13 and the $390.61 retained as aforesaid out of the State tax. The salary of the treasurer of Delaware county has not been fixed by the board of supervisors. It did not appear what was the amount of the county tax, or whether one per cent thereon in any year would amount to $500. *Held* (DWIGHT and EARL, CC., dissenting), that the action could be maintained to recover the $1,550.13; that if the resolution referred to this sum, and it was claimed to be part of the State tax, it could only be recovered from the county by the State, and the board had no authority to pay it to defendant; that the board had no power to allow defendant $500 per annum, they not having fixed the salary at that sum, unless one per cent on the amount received and disbursed by him amounted to that sum (1 R. S., 320, § 1; chap. 149, Laws of 1846), and this was not shown or found as a fact, but from the evidence the contrary was to be inferred; that if the board had any power to open his accounts so annually audited, it was at least incumbent on defendant to show some mistake of fact, and that the commission of one per cent on the county tax did in each year amount to at least $500.

As to the item of $390.61, *held*, that plaintiff could not recover; that it was property of the State, for which defendant must account to it, and in which the county had no interest.

*Amasa J. Parker* and *O. W. Smith* for the appellant.

*Samuel Hand* for the respondent.

REYNOLDS, C., reads for reversal; LOTT, Ch. C., and GRAY, C., concur.
DWIGHT, C., reads for affirmance; EARL, C. concurs.
Judgment reversed and new trial granted.